```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LENNY TAVERAS,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           22-CV-6369(JS)(LGD)

SHERIFF JAMES DZURENDA, individually,
and as Sheriff of Nassau County
Correctional Center ["C.C."]; DONNA L.
HENIG, individually, and as Medical
Director of Nassau County C.C.; JOHN/
JANE DOES #1-5, individually, and as
Deputy Sheriffs for Housing Unit B03B
on 11/16/20 and 11/26/20, 7-3 and 3-11
tours; SGT. #36, individually, and as
Grievance Coordinator for Nassau County
C.C.'s Grievance Program; NASSAU COUNTY
HEALTH CARE CORPORATION, individually,
and as Medical Provider for Nassau
County C.C.'s Inmates; NASSAU COUNTY
UNIVERSITY MEDICAL CENTER, individually,
and as Treating Medical Center for
Serious Physical injuries on 11/26/20
through 12/1/20; COUNTY OF NASSAU,
individually, and as a Municipal
Corporation;

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Lenny Taveras, pro se
                    21-A-0663
                    Fishkill Correctional Facility
                    Box 1254
                    Beacon, New York 12508-0307

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Before the Court is the application to proceed in forma pauperis ("IFP") (ECF No. 2) filed by incarcerated pro se plaintiff

Lenny Tavaras ("Plaintiff") in connection with his Complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau County Sheriff James Dzurenda ("Sheriff Dzurenda"), Donna L. Henig, Medical Director of Nassau County Correctional Center ("Dr. Henig"), five unidentified Sheriff Deputies for Housing Unit B03B who worked on 11/16/20 and 11/26/20 during 7 a.m. – 3 p.m. and 3 p.m. – 11 p.m. tours ("John/Jane Does #1-5"), SGT.#36, who is identified as a grievance coordinator for the Nassau County Correctional Center's grievance program, Nassau County Health Care Corporation ("NCHCC"), Nassau County University Medical Center ("NCUMC"), and the County of Nassau ("Nassau County" and collectively, "Defendants").

Upon review of Plaintiff's application to proceed IFP, the Court finds that Plaintiff is qualified by his financial position to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's IFP application is GRANTED and the Court ORDERS service of the Summonses and Complaint by the United States Marshal Service ("USMS") upon the named Defendants forthwith.

However, the USMS will not be able to effect service of the Summonses and the Complaint on the unnamed Defendants without more information. The Second Circuit has held that district courts must provide _pro se_ litigants with reasonable assistance in investigating the identity of such "John Doe" or "Jane Doe"

defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Nassau County Attorney. The Nassau County Attorney is requested to attempt to ascertain the full names of unidentified Defendants, who are alleged to work at the Nassau County Correctional Center and to have interacted with Plaintiff during November or December 2020 as described in the Complaint. The Nassau County Attorney shall provide the Court and Plaintiff with the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it.

Once the information is provided to the Court by the Nassau County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of these Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them. The Nassau County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in Valentin.

Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith. Therefore, in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk

3

of the Court shall mail a copy of this Memorandum & Order to: (1) Plaintiff at his address of record, including the notation "Legal Mail" on the mailing envelope, and (2) the Nassau County Attorney.

                                      SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      Joanna Seybert, U.S.D.J.

Dated:  December 9, 2022
       Central Islip, New York